(5 Misc. Rep. 307.)

## JAYNE v. JAYNE.

(Superior Court of New York City, Equity Term. October, 1893.)

DIVORCE—EVIDENCE.
    Evidence that a woman assisted in establishing in business the man with whom she was charged with committing adultery; that she left the door between his bedroom and hers unfastened, while she bolted the door opening into her husband's bedroom; and that she had written to another man a letter evincing an adulterous disposition,—is a sufficient proof of the adultery charged.

Action by Florence E. M. Jayne against Benaiah G. Jayne for a judicial separation on the ground of abandonment. Defendant de-

nied the abandonment, and set up a counterclaim for an absolute divorce on the ground of plaintiff's adultery. Judgment for defendant.

A. P. Wagener, for plaintiff.
Thomas H. Bullick, for defendant.

McADAM, J. The action is by the wife for a judicial separation on the ground of abandonment. The defense is a denial of the alleged abandonment, and a counterclaim for an absolute divorce on the ground of adultery. Code, § 1770. The parties consented that the counterclaim be tried first on their concession that, if guilty of adultery, the plaintiff is entitled to no relief. The main evidence offered by the defendant is contained in the depositions of Sarah E. Wilkes and of Florence J. Gates, a daughter of the parties to the record, and these satisfactorily prove improper intimacy between the plaintiff and one Zewalthoff, the co-respondent named in the answer. In addition to this, the letter written by the plaintiff to Dr. Dwight Smith is significantly strong in this: it proves what is spoken of in 2 Greenl. Ev. § 41, as an adulterous disposition. It certainly shows the bent of the plaintiff's mind, and reflects her inclinations. The suggestions in the letter indicate an attempt to hoodwink her husband, and the closing sentence, "Yours as to none other," is one which no married woman of mature years should write to a man other than her husband. The plaintiff put a bolt on the door which separated her bedroom from that of the husband, but left the door connecting her bedroom with the co-respondent's room unfastened. This is very suggestive, and corroborative of the testimony contained in the depositions. While it was considered necessary to bar the husband from her bedchamber, it was deemed unnecessary to exercise like precaution against the co-respondent. Every act of adultery implies three things: First, the opportunity; secondly, the disposition in the mind of the adulterer; thirdly, the same in the mind of the particeps criminis. And the proposition is substantially true that, whenever these three are found to concur, the criminal act is committed. Bish. Mar., Div. & Sep. (4th Ed.) § 619. The combination suggested has been established in this instance. The testimony of the co-respondent offered by the plaintiff does not help her case. She assisted in establishing him in business with the proceeds of sale of the husband's property. Their relations were altogether too intimate. There can be little doubt about his inclinations. In proving adultery, other like offenses, not charged, may be shown in corroboration of the specific act complained of, not as independent testimony, but as tending to characterize the improper intercourse between the parties alleged in the bill. 1 Amer. & Eng. Enc. Law, 214, and cases cited; Lawson v. State, 56 Amer. Dec. 182; State v. Bridgman, 24 Amer. Rep. 124; 2 Greenl. Ev. § 47; Bish. Mar., Div. & Sep. (4th Ed.) § 625. Where a daughter of mature years bears witness to her mother's infidelity, there is strong reason to believe the charge. Nature has made her the loyal friend of the

mother. The parties were married, not mated. Their natures and dispositions are dissimilar. She, educated, bright, smart, even unto cunning; he, phlegmatic, slow, careworn, and cautious. If she had been the man and he the woman, he would have made a better follower. He was certainly a poor leader. It is evident that she never looked up to him for guidance, and never smiled upon him with favor. Incompatibility, to a large extent, is responsible for what has followed. Upon the evidence, carefully weighed and considered, the defendant is entitled to a decree for absolute divorce.